ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. JAMES, *et al.*, | ) | |
| | ) | CASE NO. 5:05CV931 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| GEORGIA PACIFIC, *et al.*, | ) | MEMORANDUM OPINION & ORDER |
| | ) | [Resolving Doc. 4] |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on motion by Defendant Georgia-Pacific Corporation to dismiss Plaintiffs Charles E. James and Shirley A. James's claims for lack of personal jurisdiction and improper venue.  In the alternative, Defendants request that the Court transfer venue to the United States District Court for the Northern District of Georgia (Atlanta Division). Plaintiffs timely opposed Defendant's motion.  They claim that both jurisdiction and venue are proper.  For the reasons set forth herein, Defendant's motion is GRANTED in part and DENIED in part.

## I.  Facts & Procedure

Plaintiffs filed this personal injury and consortium action after Plaintiff Charles James was injured at work.  Plaintiffs sued Defendant Georgia-Pacific Corporation, as well as Defendants John Doe and John Doe Corporation.  Plaintiffs, who are residents of the State of Ohio, filed this action on the basis of diversity jurisdiction.

Defendant is an international manufacturer of tissue, pulp, paper, packaging, building products, and chemicals.  Defendant is incorporated and maintains its principal place of business and headquarters in Atlanta, Georgia.  It maintains and operates over three hundred locations in North America and Europe.  Defendant employs over 55,000 employees in the United States, Canada, and various other countries.  Of its three hundred facilities, twenty are located in the State of Georgia and over 10,000 of its 55,000 employees are located in Georgia.  Defendant has ten facilities and approximately 1,000 employees in the State of Ohio.

Plaintiff Charles James, who was employed by McClendon Trucking Company, was working at one of Defendant's facilities in Doraville, Georgia when he was injured.  According to Plaintiffs, Charles James was working as a business invitee when Defendant John Doe operated a tow truck in a careless, negligent, and reckless manner and collided with him.  Plaintiffs, who allege that Charles James suffered serious and permanent injuries, filed this action on the basis of diversity jurisdiction.

### III.  Law & Analysis

The Court is required to review Defendant's motion under Federal Rule of Civil Procedure 12(b)(2).  Plaintiffs, who are defending against the motion, have the burden of showing that personal jurisdiction exists.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).  However, Plaintiffs must make only a prima facie showing of personal jurisdiction and the Court must construe the facts in a light most favorable to them.  *Id.*

### 1.    The Court Has General Jurisdiction Over Plaintiffs' Claims

This Court may only exercise personal jurisdiction over a defendant in a diversity case if

the exercise of jurisdiction is authorized by the law of the state in which the court sits and the

exercise of jurisdiction is otherwise consistent with the Fourteenth Amendment's Due Process

clause.  *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994).  If a

defendant is not physically present in the forum state, Due Process requires that the defendant

have "certain minimum contacts with [the forum state] such that the maintenance of the suit does

not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*,

326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

"Minimum contacts" have been held to exist when the defendant's actions with respect to

the forum state are such that the defendant "should reasonably anticipate being haled into court"

in the forum state.  *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The

defendant must also have purposefully availed himself "of the privilege of conducting activities

within the forum State, thus invoking the benefits and protections of its laws." *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S.

770, 774 (1984)).  Jurisdiction does not exist where the defendant's conduct with the forum state

is "random," "fortuitous," or "attenuated." *Id.*

There are two types of personal jurisdiction – general and specific.  *Bird*, 289 F.3d at

873.  A court has general jurisdiction where the "defendant's contacts with the forum state are of

such a continuous and systematic nature that the state may exercise personal jurisdiction over the

defendant even if the action is unrelated to the defendant's contacts with the state."  *Id.* (quoting

*Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).  A

court has specific jurisdiction "in a suit arising out of or related to the defendant's contacts with

3

the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

Here, Plaintiffs concede that the Court does not have specific jurisdiction, as they offer no argument in opposition to Defendant's motion to dismiss on this ground.  Therefore, the Court need only address the issue of whether it has general jurisdiction over Defendant.  As previously stated, a court has general jurisdiction – irrespective of whether the cause of action arose out of the defendant's contacts with the forum state – if the defendant's contacts are continuous and systematic in nature.  *See generally Bird*, 289 F.3d at 873.  Defendant argues that its contacts with Ohio are not continuous and systematic in nature because, proportionate to the rest of its business, only a small number of its facilities and employees are located in Ohio. Plaintiffs, on the other hand, argue that the Court does have general jurisdiction because Defendant has facilities and employees in Ohio.  The Court agrees with Plaintiffs.

As previously stated, minimum contacts exist when a defendant's actions are such that the defendant "should reasonably anticipate being haled into court."  *World-Wide Volkswagon Corp.*, 444 U.S. at 297.  Jurisdiction, however, does not exist where the defendant's conduct with the forum state is "random," "fortuitous," or "attenuated."  *Keeton*, 465 U.S. 770, 774 (1984). Here, Defendant has admitted to maintaining and operating facilities in Ohio and having approximately 1,000 employees in the state.  It conducts business in this state and makes some revenue – even if that revenue is proportionately lower than the revenue it derives from other forums.  Therefore, it's actions are substantial enough that it should reasonably anticipate being haled into an Ohio court.  Moreover, the fact that Defendant maintains and operates facilities in this state, and has employees working in this state, proves that its actions are not random,

4

fortuitous, or attenuated.  *Cf. Hunter v. Mendoza*, 197 F.Supp.2d 964, 970 (N.D. Ohio 2002)

(finding general jurisdiction where the defendant had several different business locations in the

forum state, its employees remained in the state to transact and solicit business, it derived

substantial revenue from the activities in the state, and it was well-known throughout the state).

Accordingly, the Court finds that it does have general jurisdiction over Defendant.

> **2.     Venue**

Having found that the Court has general jurisdiction over Defendant, venue is proper in

this district.  *See generally* 28 U.S.C. § 1391 (c) ("[A] defendant that is a corporation shall be

deemed to reside in any judicial district in which it is subject to personal jurisdiction . . . ."); *See*

*also Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F.Supp.2d 1039, 1048 (S.D. Ohio 2002)

("[I]f a corporate defendant is subject to personal jurisdiction in a judicial district, it is deemed to

reside there for purposes of venue.").  Despite finding jurisdiction and venue proper, however,

the Court must consider Defendant's alternative motion to transfer this case to the United States

District Court for the Northern District of Georgia (Atlanta Division).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it may have been brought.  The statute places discretion in the district court to adjudicate

motions to transfer on an individualized case-by-case consideration of convenience and fairness.

*Steward Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988).  The Sixth Circuit has provided its

own description of the relevant factors, such as "the private interests of the parties, including

their convenience and the convenience of potential witnesses, as well as other public-interest

concerns, such as systemic integrity and fairness . . . ." *Moses v. Business Card Express, Inc.*, 927 F.2d 1131 (citation omitted).

Because this action may have been brought in the United States District Court for the Northern District of Georgia,[1] the Court must weigh several factors in determining whether a transfer serves the convenience of the parties and witnesses and whether it is in the interest of justice to do so.

> Among the important private interests that a court must consider are: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of unwilling witnesses; the possibility of viewing the premises, if view of the premises would be appropriate to the action; and, any problems associated with enforcing a judgment, if one is obtained. Relevant public interest factors include: the administrative burden of proceeding in courts with congested dockets; the burden of imposing jury duty on people of a community with no connection with the litigation; the desirability of holding a trial nearest to those affected most by it; and, the appropriateness of holding a trial in a diversity case in a court most familiar with the governing law.

*Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 336 (6th Cir. Aug. 21, 2001) (internal and external citations omitted).

Having considered the above factors, the Court finds that a transfer is in the best interests of the parties and witnesses, and that it is also in the interest of justice. As Defendant notes (and Plaintiffs do not seemingly dispute): (1) the ease of access to the sources of proof would be best realized in the transferee forum; (2) this Court's subpoena power would not extend to unwilling witnesses who resign in the transferee forum; and (3) a view of the premises – if necessary – would not be possible in this forum. Moreover, it is not in the public interest to have this

---

[1] Neither party disputes the propriety of both jurisdiction and venue in the Georgia court.

litigation proceed in this forum, as the trial should be held nearest to those affected most by it and in a court most familiar with the governing law.[2]

While a plaintiff's choice of forum is given great weight in deciding whether to transfer venue, this factor is not dispositive. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 398, 413 (6th Cir. 1998). Section 1404(a) itself refers to the convenience of witnesses. As Defendant correctly points out that the majority of witnesses (the tortfeasor, the employee who witnessed the accident, the employees who investigated the incident, as well as management personnel, emergency providers, and emergency room physicians) are located in Georgia. Conversely, the only witnesses in Ohio are Plaintiffs and certain treating physicians.

With respect to the treating physicians, the Court finds it more important to focus on the convenience of the liability witnesses – as opposed to damages witnesses – because without liability, there is no need for damages testimony. *Kahhan v. City of Fort Lauderdale*, 566 F.Supp. 736, 739 (D.C. Pa. 1983). *See also Ramsey v. Fox News Network, LLC*, 323 F.Supp.2d 1352, 1356 (N.D. Ga. 2004) (noting that a court's focus on a motion to transfer venue should be on the key witnesses). Moreover, there are alternatives for live testimony available for damage witnesses. *Kahhan*, 566 F.Supp. at 739. Plaintiffs' residence in the State of Ohio also does not weigh against a transfer. "[T]here is a distinction between party witnesses and non-party witnesses. Party witnesses are the parties themselves and those closely aligned with a party, and

---

[2] The district court's familiarity with the controlling law is a relevant factor, although it is not dispositive. *Artisan Dev., Division of Kaiser Aetna v. Mountain States Dev. Corp.*, 402 F.Supp. 1312, 1316 (N.D. Ohio 1975). While the Court recognizes that district court's are often called upon to apply the law of other states, the fact that Georgia law applies to this case is another factor that tips the scales in favor of a transfer.

they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses." *Ramsey*, 323 F.Supp.2d at 1356.

### IV.  Conclusion

Defendant's Motion to Dismiss is DENIED because Court has general jurisdiction over Plaintiffs' claims.  Defendant's alternative Motion to Transfer Venue, however, is GRANTED and the Court hereby transfers the case to the United States District Court for the Northern District of Georgia (Atlanta Division).


IT IS SO ORDERED.


____November 2, 2005_____                    _____*s/John R. Adams*_____
Date                                              John R. Adams
                                                  U.S. District Judge